**DISMISS and Opinion Filed December 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01503-CV

### IN RE JEROME JOHNSON, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Francis

In this original proceeding, relator seeks a writ of mandamus directing the district court clerk to file-stamp all motions filed by relator when presented and provide relator with notice of the court's receipt of relator's filings. This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. TEX. GOV'T CODE ANN. § 22.221. Section 22.221 expressly limits the writ power of the courts of appeals to issuance of: (a) writs of mandamus and other writs necessary to enforce the court of appeals' jurisdiction, and (b) writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district, (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the code of criminal procedure in the court of appeals district, or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the family code in the court of appeals district for the judge who appointed the associate judge. *Id.* §§ 22.221(a),(b)(1–3).

The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this Court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the Dallas County District Clerk. *See, e.g., In re Simpson*, 997 S.W.2d 939 (Tex. App.—Waco 1999, orig. proceeding) (per curiam) ("The Government Code does not confer mandamus jurisdiction over District Clerks upon the courts of appeals"); *see also In re Brown*, No. 06-17-00049-CR, 2017 WL 1404372, at *1 (Tex. App.—Texarkana Apr. 18, 2017, orig. proceeding) (mem. op.) (citing *Simpson*). Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

/Molly Francis/

MOLLY FRANCIS
JUSTICE

181503F.P05